## GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS

**THIS GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS** ("General Assignment") is made this 26th day of September, 2011, by and between **MAMTEK U.S., INC.**, a Delaware corporation, located at 150 S. Rodeo Drive, in the City of Beverly Hills, County of Los Angeles, State of California, Federal Tax Identification Number 27-2705156, hereinafter referred to as "Assignor," and **DEVELOPMENT SPECIALISTS, INC.**, located at 333 South Grand Avenue, Suite 4070, Los Angeles, CA 90071, hereinafter referred to as "Assignee."

**WITNESSETH:** Whereas Assignor is indebted to various persons, corporations and other entities and is unable to pay its debts in full, and has decided to discontinue its business, and is desirous of transferring its property to an assignee for the benefit of creditors so that the property so transferred may be expeditiously liquidated and the proceeds thereof be fairly distributed to its creditors without any preference or priority, except such priority as established and permitted by applicable law;

**NOW, THEREFORE**, in consideration of Assignor's existing indebtedness to its creditors, the covenants and agreements to be performed by Assignee and other consideration, receipt of which is hereby acknowledged, it is hereby **AGREED**:

1. **TRANSFER OF ASSETS.** Assignor hereby assigns, grants, conveys, transfers and sets over to Assignee all right, title and interest in personal property and assets, whatsoever and wheresoever situated, which are now, or have ever been, used in connection with the operation of Assignor's business, and which assets include, but are not limited to all personal property and any interest therein exempt from execution, including all that certain stock of merchandise, store furniture and fixtures, intellectual property, book accounts, books, bills,

General Assignment for the benefit of creditors
Re: Mamtek US, Inc., a Delaware corporation
Page 2

accounts receivable, cash on hand, cash in bank, patents, copyrights, trademarks and trade names, insurance policies, tax refunds, rebates, general intangibles, insurance refunds and claims, and choses in action that are legally assignable, together with the proceeds of any non-assignable chooses in action that may hereafter be recovered or received by the Assignor. Further, this general assignment specifically includes all claims for refunds or abatement of all excess taxes heretofore or hereafter assessed against or collected from the Assignor by the United States or any of its departments or agencies, any state or local taxing authority and the Assignor agrees to sign and execute a power of attorney or other such document(s) as required to enable Assignee to file and prosecute, compromise and/or settle all such claims before the respective taxing authority. Assignor agrees to endorse any refund checks relating to the prior operations of said Assignor's business and to deliver such checks immediately to Assignee.

    2.    **LEASES AND LEASEHOLD INTERESTS.** This General Assignment includes all leases and leasehold interests in any asset of the Assignor; however should the Assignee determine that said lease or leasehold interest is of no value to the estate, then said interest is thereby relinquished without further liability or obligation to the Assignee.

    3.    **UNION CONTRACTS.** Any contract or agreement between the Assignor and any labor or trade union remains in force as between the Assignor and the respective union, provided, however, that the Assignee shall not be bound to the terms of said contract unless the Assignee specifically so agrees in writing at the time of the acceptance of this general assignment.

    4.    **FORWARDING OF MAIL.** Assignor authorizes the forwarding of its mail by the U.S. Postal Service as directed by Assignee.

General Assignment for the benefit of creditors
Re: Mamtek US, Inc., a Delaware corporation
Page 3

5. **POWERS AND DUTIES OF ASSIGNEE.** Assignee shall have all powers necessary to marshal and liquidate the estate including but not limited to:

    a. To collect any and all accounts receivable and obligations owing to Assignor and not otherwise sold by Assignee;

    b. To sell or otherwise dispose of all personal property of Assignor in such manner as Assignee deems best. Assignee shall have the power to execute any and all documents necessary to effectuate the sale of said property and to convey title to same.

    c. To sell or otherwise dispose of all tangible and intangible personal property of Assignor, including but not limited to all of Assignor's machinery, equipment, inventory, service or trademarks, trade names, patents, franchises, causes or choses in action and general intangibles in such manner as Assignee deems best. Assignee shall have the power to execute any and all documents necessary to effectuate the sale of this property and to convey title to same. In this regard, Assignee shall have the power to employ an auctioneer to appraise said assets and to conduct any public sale of the assets and to advertise said sale in such manner as Assignee deems best. Assignee shall have the power to execute bills of sale and any other such documents necessary to convey right, title and interest in to Assignor's property to any bona fide buyer.

    d. To employ attorneys, accountants and any other additional personnel to whatever extent may be necessary to administer the assets and claims of the assignment estate and to assist in the preparation and filing of any and all State, County or Federal Tax Returns as required.

General Assignment for the benefit of creditors
Re: Mamtek US, Inc., a Delaware corporation
Page 4

  e. To require all of Assignor's creditors to whom any balance is owing to submit verified statements to Assignee of said claim(s), pursuant to California Code of Civil Procedure §1802.

  f. To settle any and all claims against or in favor of Assignor, with the full power to compromise, or, in the Assignee's sole discretion, to sue or be sued, and to prosecute or defend any claim or claims of any nature whatsoever existing in favor of Assignor.

  g. To open bank accounts in the name of the Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such acts and execute such papers and documents in connection with this general assignment as Assignee may deem necessary or advisable.

  h. To conduct the business of the Assignor, should the Assignee deem such operation proper.

  i. To apply the net proceeds arising from the operation of and liquidation of Assignor's business and assets, in the following amounts as to amounts only and not time of distribution, as follows:

    (1) FIRST, to deduct all sums which Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment and to reimburse Assignee as to all costs advanced by the Assignee or any third party for the preservation of the assignment estate's assets, including the maintenance and insurance of said assets and, the expenses of any operation.

General Assignment for the benefit of creditors
Re: Mamtek US, Inc., a Delaware corporation
Page 5

(2) SECOND, all costs and expenses incidental to the administration of the assignment estate, including the payment of a reasonable fee to the Assignee, as that term is hereinafter defined and the payment of reasonable compensation for the services of attorneys for the Assignee, accountants to the Assignee, attorneys to the Assignor for services related to the making of and administration of the general assignment and any other professionals the Assignee deems necessary to properly administer the assignment estate.

(3) THIRD, all federal taxes of any nature whatsoever owing as of the date of this general assignment, or other such claim of any federal governmental agency as defined under 31 U.S.C. §3713, including but not limited to federal withholding taxes, federal unemployment taxes and any other federal income, excise, property and employment taxes.

(4) FOURTH, all state, county and municipality taxes of any nature whatsoever owing as of the date of this general assignment, including but not limited to employment, property and income taxes.

(5) FIFTH, all monies due employees of the Assignor entitled to priority as defined under California Code of Civil Procedure §1204 and §1204.5 up to the statutory maximum.

(6) SIXTH, with the exception of those classes set forth above, all distributions to other creditors shall be, within each class, pro-rata in accordance with the terms of each creditor's indebtedness, until all such debts are paid in full. No payment shall be made to any creditor whose claim is otherwise disputed until such time as that

General Assignment for the benefit of creditors
Re: Mamtek US, Inc., a Delaware corporation
Page 6

creditor's claim is resolved. The creditor's otherwise pro-rata share of such distribution shall be fully reserved for by the Assignee until such time as the dispute is resolved. Disputed claims shall include a dispute related to any avoidance action the Assignee may have under state law. The Assignee may make interim distributions whenever the Assignee has accumulated sufficient funds to enable it to make a reasonable distribution. No distribution shall be in an amount less than $100,000 (in the aggregate) except the final distribution.

(7) SEVENTH, any monies (distributions) unclaimed by creditors ninety days after the final distribution to unsecured creditors (if any) or the termination of the administration of the estate created by this general assignment, shall be re-distributed to all known unsecured creditors, being those creditors who cashed their respective dividend checks from the assignment estate, so long as any such distribution exceeds one percent of each such creditor's allowed claim.

(8) EIGHTH, the surplus, if any, of the assignment estate funds, when all debts of the Assignor shall have been paid in full, shall be paid and transferred to the holders of the equity of said Assignor, as per the list of equity holders provided with the making of this general assignment.

j. To do and perform any and all other acts necessary and proper for the liquidation or other disposition of the assets, including but not limited to abandonment, and the distribution of the proceeds derived therefrom to Assignor's creditors.

6. **RIGHTS OF CREDITORS.** All rights and remedies of the creditors against any surety or sureties for the Assignor are hereby expressly reserved and nothing herein shall prevent

General Assignment for the benefit of creditors
Re: Mamtek US, Inc., a Delaware corporation
Page 7

the creditors or any of them from suing any third parties or persons who may be liable to any of the creditors for all or any part of their claims against the Assignor, or from enforcing or otherwise obtaining the full benefit of any mortgage, charge, pledge, lien or other security which they now hold on any property, creditors or effects of the Assignor.

7. **LIABILITY OF ASSIGNEE.** It is understood and agreed that neither the Assignee nor any of its employees, officers, agents or representatives will assume any personal liability or responsibility for any of its acts as Assignee herein, except to the extent such acts reflect gross negligence or willful misconduct of the Assignee, and, subject to such qualification, its obligation shall be limited to the performance of the terms and conditions of the general assignment in good faith and in the exercise of its best business judgment. The Assignee shall be indemnified by the assignment estate for any claims brought by any party against the Assignee for any of its acts as Assignee herein, except to the extent such acts reflect gross negligence or willful misconduct of the Assignee.

8. **WARRANTIES OF ASSIGNOR.** Assignor hereby warrants as follows:

The list of creditors delivered concurrently herewith to the Assignee and as required under California Code of Civil Procedure §1802 is complete and correct, to the best of the Assignor's knowledge, as reflected by the books and records of the Assignor, as to the names of Assignor's creditors, their addresses and the amounts due them.

Assignor, through its officers and directors, shall perform any and all acts reasonably necessary and proper to assist the assignee in its orderly liquidation of the Assignor's assets, the collection of any and all monies owing the Assignor and in the distribution of said monies and proceeds of asset sales to the Assignor's creditors; provided, however, the officers and directors

General Assignment for the benefit of creditors
Re: Mamtek US, Inc., a Delaware corporation
Page 8

of Assignor shall only provide such assistance to the Assignee to the extent, and on the condition that, they are reasonably compensated for such services.

9. **POWER OF ATTORNEY AND RIGHTS AS SUCCESSOR.** The Assignor, by this General Assignment hereby grants the Assignee a general power of attorney, which power of attorney specifically includes the right of the Assignee to prosecute any action in the name of the Assignor as Attorney in Fact. Further, on the date the General Assignment is accepted by the Assignee, the Assignee shall succeed to all of the rights and privileges of the Assignor, including any attorney-client privilege, in respect to any potential or actual claims, demands, cases, controversies and causes of action, and shall be deemed to be a representative of the Assignor with respect to all such potential or actual claims, demands, cases, controversies and causes of action.

10. **ACCEPTANCE BY ASSIGNEE.** By execution of this general assignment, the Assignee does hereby accept the estate herein created and agrees to faithfully perform its duties according to the best of the Assignee's skill, knowledge and ability. It is understood that the Assignee shall receive reasonable compensation for its services in connection with this estate. Reasonable compensation is defined to mean a fee of (a) five percent (5%) of the proceeds from the liquidation of the Company's assets, of which $30,000 shall be paid as a nonrefundable deposit concurrently with the assignment, plus (b) five percent (5.0%) of each and every dollar generated from the prosecution and collection of any avoidance action(s), plus (c) a fee of three percent (3.0%) of each distribution to the unsecured creditors of the Assignor. Reasonable compensation does not replace or subsume the reimbursement of all the Assignee's reasonable

General Assignment for the benefit of creditors
Re: Mamtek US, Inc., a Delaware corporation
Page 9

expenses incurred as a result of the administration of the assignment estate from the proceeds generated therefrom.

**IN WITNESS WHEREOF,** the parties have hereunto set their hands the day and year first above written:

Mamtek US, Inc.

By: _____
Peter Kravitz

President
Title

Attested to by: _____
Peter Kravitz, its Secretary

Assignee Acceptance by: _____
Geoffrey L. Berman, Vice President
Development Specialists, Inc.

Date of Acceptance: September 27, 2011

# DSI Development Specialists, Inc.

Advisory and Fiduciary Services • Corporate Restructuring and Workouts • Interim Management • Insolvency Services

5 October 2011

e-mail address: gberman@dsi.biz

TO THE CREDITORS AND SHAREHOLDERS OF

MAMTEK U.S., INC.
150 SOUTH RODEO DRIVE
BEVERLY HILLS, CA 90210
AND
MOBERLY, MISSOURI

Re: **_GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS_**

Please be advised that Mamtek U.S., Inc., a Delaware corporation (the "Company"), executed a general assignment for the benefit of creditors in favor of Development Specialists, Inc. (the "Assignee") that became effective on Tuesday, September 27, 2011. This action was taken by the Company after it was determined that it did not have sufficient assets to continue the building of the production facility in Moberly, MO and after defaulting on the initial payment due on the municipal bonds issued to finance the building of that plant by the City of Moberly, MO. The Company's remaining cash has been transferred to a bank account controlled by the Assignee.

The Assignee was made aware of the default on the bond payment and has advised the City, as well as counsel for the indentured trustee for the bonds (UMB Bank) of the making of the assignment. Further, the Assignee, through its counsel, John Fiero, Esq. and Jeff Pomerantz, Esq. of Pachulski, Stang, Ziehl & Jones, has reviewed the bond documents and does not currently believe that any of the physical assets affixed to the Moberly, MO plant site belong to the Company; rather, the Assignee believes those assets are the property of the City. There does not appear to be any creditor with a perfected lien on the Company's assets (with the exception of one item leased from a vendor and located at the Moberly plant).

The Assignee has also been made aware of an ongoing investigation by the Securities and Exchange Commission. The Company had previously retained counsel, the firm of Munger Tolles & Olson in Los Angeles, to represent it in the SEC's investigation. Counsel to the Assignee has already begun discussions with both the SEC and the Company's counsel.

There are a number of entities related to Mamtek U.S., Inc. None of those entities have made an assignment for the benefit of creditors to Development Specialists, Inc. and as such, the Assignee has no control over the actions or activities of those entities.

LOS ANGELES
333 South Grand Avenue, Suite 4070 • Los Angeles, California 90071-1544 • Telephone: 213.617.2717 • Fax: 213.617.2718 • www.dsi.biz

SAN FRANCISCO • CHICAGO • NEW YORK • MIAMI • LONDON • PHILADELPHIA • COLUMBUS • CLEVELAND

**EXHIBIT H**
**Page 10 of 12**

For those of you unfamiliar with general assignments, the process is similar to liquidations administered under Chapter 7 of the Bankruptcy Code. However, California law controls. Experience has proven that in circumstances such as these, estates administered through general assignments typically return a greater recovery on the assets of the estate, quicker and more economically than the bankruptcy process. Creditors should note that California law provides for an assignee to recover preferential transfers made by the Company within the ninety days immediately prior to the making of the general assignment, as well as transfers within one year to insiders of the Company. A review of the transactions that may qualify as recoverable under California law will be undertaken in the very near future.

Attached hereto creditors will find a form Proof of Claim by which creditors can file their claims with the Assignee. Please note that pursuant to California law (see Code of Civil Procedure §1802) the last day to file proofs of claim in this estate is March 16, 2012. <u>Creditors who fail to file their proofs of claim by that date will not be entitled to share in any distribution arising out of the liquidation of the Company's assets.</u> The Assignee will accept proofs of claim via facsimile, so long as the facsimile is received by the claims bar date March 16, 2012 and the original signed proof of claim is received by the Assignee not later than March 23, 2012. Please remember to include copies of your supporting invoices or statements with your proof of claim. The fact that the Assignee is accepting *proofs of claim* is not a guaranty that there will be any recovery by unsecured creditors from the liquidation of the Companies' assets.

Information regarding the general assignment may also be found at www.dsiassignments.com. After returning the form Proof of Claim, creditors are requested to advance their files approximately forty-five days, pending our next report.

Very truly yours,

Development Specialists, Inc., solely in its capacity
as Assignee for the Benefit of Creditors of
MAMTEK U.S., INC.

By *[signature]*
Geoffrey L. Berman

\GLB \Mamtek\Notice-1

Enclosure (form Proof of Claim)

**DSI** Development Specialists, Inc.

**EXHIBIT H**
**Page 11 of 12**

*PROOF OF CLAIM*

In the Matter of:

    **Mamtek U.S., Inc.**
    **150 South Rodeo Drive**
    **Beverly Hills, California 90210**
        **and**
    **Moberly, Missouri**

The undersigned creditor of the above listed companies hereby submits its claim in the general assignment estate created upon the execution and acceptance of the general assignments in favor of Development Specialists, Inc. as of September 27, 2011, in the amount as set forth below, and substantiated by the attached invoices or statement of account.

Date Submitted:_____

Amount of Claim:_____

Please attach an itemized statement to support the amount claimed.

Name of Creditor:_____

By:_____
                                                Title

Address:_____

City, State & Zip:_____

(    )_____(    )_____
Telephone                           Facsimile

e-mail:_____

***NOTE:*** *Interest on unsecured claims is applicable only to the date of the assignment and then only in the event that interest is payable under either a written agreement that exists between you and the debtor providing for the payment of interest or a judgment.*

*Return completed form to Development Specialists, Inc.*
*333 South Grand Avenue, Suite 4070, Los Angeles, CA 90071*
*(213) 617-2717/FAX (213) 617-2718*

Note: If faxing the proof of claim, the original must be received by the Assignee by March 23, 2012.

**EXHIBIT H**
**Page 12 of 12**