City of

# *moberly!*

101 West Reed Street ▪ Moberly, Missouri 65270-1551
Phone: (660) 263-4420
Fax: (660) 263-9398

October 5, 2011

Mamtek U.S., Inc.
150 South Rodeo Drive, Suite 260
Beverly Hills, CA 90212
Attn: Peter Kravitz, CEO

Mamtek, International
150 South Rodeo Drive, Suite 260
Beverly Hills, CA 90212
Chief Executive Officer

Mamtek U.S., Inc.
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Attn: Peter Kravitz, CEO

Mamtek, International
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Chief Executive Officer

Re:   Notice of re-entry into Project, notice of pending termination of Management Agreement, and request for indemnification in connection with the Industrial Development Authority of the City of Moberly, Missouri, Annual Appropriation Capital Project Bonds (Project Sugar) Series 2010-A, Series 2010-B, Series 2010-C (the "Bonds");   *Capitalized terms used and not defined herein shall have the meanings ascribed to them in the certain Indenture of Trust dated as of July 2, 2010 between the Industrial Development Authority of the City of Moberly, Missouri, and UMB Bank, N.A., as Trustee.*

Ladies and Gentlemen:

The City of Moberly, Missouri (the "City"), as party to the Management, Operating, and Purchase Agreement dated July 1, 2010 (the "Management Agreement) by and between the City and Mamtek U.S., Inc. (the "Company"), hereby provides notice that the City has re-entered the Project, as of September 16, 2011, has taken possession thereof, and is using reasonable diligence to obtain a substitute or successor user, pursuant to the City's rights and remedies upon default, including those found in Section 12.2(c) of the Management Agreement.  Pursuant to Section 12.2(c) of the Management Agreement, after an Event of Default has occurred on the part of the Company, the City may elect to re-enter the Project and take possession thereof, without terminating the Management Agreement.  As explained in prior correspondence, an

**EXHIBIT I**
**Page 1 of 3**

Event of Default has occurred in that the Company has failed to make a Basic Payment due to the City under the Management Agreement and remains uncured. Pursuant to the communication from the Company that the City received on September 16, 2011 in which the Company repudiated further obligations under the Project, the City therefore re-entered the Project and has taken possession thereof. Moreover, in accordance with Section 12.2(c) of the Management Agreement, the City has used and will continue to use reasonable diligence to obtain a substitute or successor user for the Project upon such terms as the City may deem advisable.

The City hereby provides notice that on **October 27, 2011**, the City will also exercise its option to terminate the Management Agreement with the Company, if the Company does not fully cure the default by that date, including satisfying indemnification and all other obligations under the applicable documents. Pursuant to Section 12.2(c) of the Management Agreement, after having elected to enter the Project and take possession thereof, the City may terminate the Management Agreement not earlier than thirty days after re-entry, upon notice to the Company given at any time after re-entry and while the Company remains in default. The City hereby renews its demand that the Company cure the default. However, if the Company fails to cure by **October 27, 2011**, this is notice that the Management Agreement is and shall be terminated by the City as of that date without further notice. Please note that the City is giving the Company forty-one (41) days after the date of re-entry (September 16, 2011) to cure before terminating the Management Agreement, a time period in excess of the minimum thirty (30) days after re-entry required.

Please be advised that the Company remains and will remain bound by its obligations under the Management Agreement, even after the City re-enters the Project and/or terminates the Management Agreement. Pursuant to Section 12.2(c) of the Management Agreement, the City's entry into and possession of the Project does not relieve the Company of any obligation under the Management Agreement, including, but not limited to, the payment of Basic Payments and Additional Payments. After re-entry, the Company remains obligated to make such payments, including, but not limited to, the City's reasonable expenses in, or in connection therewith, all repossession costs, brokerage commissions, legal expenses, expenses of employees, and expenses and alteration costs of preparation for reuse.

Furthermore, pursuant to Section 12.3 of the Management Agreement, the Company's obligations under the Management Agreement also survive the cancellation or termination of the Management Agreement. Please be advised that after re-entry and termination of the Management Agreement, the Company will be required to continue to make all Basic Payments and Additional Payments and to perform all other obligations provided for in the Management Agreement unless and until the Indenture has been satisfied and discharged, including, but not limited to, when all the principal of and interest on the Bonds has been paid.

**EXHIBIT I**
**Page 2 of 3**

In addition, the City, as party to the Development Agreement dated July 1, 2010 (the "Development Agreement) by and among the City, the Company, and the Industrial Development Authority of the City of Moberly, Missouri, (the "IDA"), further provides notice of a default on the part of the Company in the performance of the Company's obligations, and hereby requests that the Company indemnify the City and the IDA, pursuant to Section 6.3 of the Development Agreement. Under Sections 6.3(b) and 6.3(c) of the Development Agreement, the Company has agreed to indemnify, save, and defend the City and the IDA against all claims, demands, costs, liabilities, damages or expenses, including attorneys' fees, that arise from a default by the Company under the Management Agreement or any Bond Document to which the Company is a party, upon notice from the City. The City hereby provides notice pursuant to Section 6.3(c) of the Development Agreement that an Event of Default on the part of the Company has occurred in the performance of the Company's obligations under the Management Agreement, as described above, in that the Company has defaulted under Section 12.1(a) by failing to timely make the Basic Payment due to the City when and as due. Furthermore, this letter constitutes notice that the City is requesting that the Company take action to provide indemnification and to defend the City and the IDA in any action or proceeding arising from any breach or default on the part of the Company under the Development Agreement, the Management Agreement, or any Bond Document to which the Company is a party.

To the extent that notice by the IDA is also or alternatively deemed required under any document pertaining to the Project, this letter constitutes such notice.

Very truly yours,

Bob Riley, Mayor

cc: City Council of the City of Moberly
   Mr. Corey Mehaffy, President, Industrial Development Authority of the City of Moberly, Missouri
   Mr. Andrew Morris, City Manager
   Mr. Mark Flanagan, Corporate Trust Department, UMB Bank, N.A., as Trustee
   Thomas A. Cunningham, Esq., Special Counsel
   Steven Peden, Esq., Mamtek Counsel
   John Fiero, Esq., Development Specialists, Inc. Counsel
   Steptoe & Johnson, LLP

**EXHIBIT I**
**Page 3 of 3**