IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **UMB BANK, N.A., as Trustee,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:11-cv-1925 |
| | ) |
| **Mamtek U.S., Inc., and** | ) |
| **Mamtek International,** | ) |
| | ) |
| **Defendants.** | ) |

## EMERGENCY MOTION FOR ORDER APPOINTING RECEIVER

Because of Defendants Mamtek U.S., Inc.'s, ("Mamtek") and Mamtek International's ("International" and, collectively with Mamtek, "Defendants" or the "Mamtek Parties") conduct regarding assets and funds pledged to bondholders and due other creditors; default thereunder; abandonment of the Project which has negatively impacted the City of Moberly and its community; and the creation by Mamtek of a non-judicial proceeding in California which seeks removal of documents and evidence necessary to understand how the Project (which was to cost approximately $33 million to complete) was abandoned by Mamtek after using up substantially all available funds, and with estimates (by Mamtek itself) that another $30 to $44.5 million may be needed to complete the Project, Plaintiff UMB Bank, N.A., solely in its capacity as Trustee ("UMB" or "Plaintiff"), filed its Verified Complaint seeking, among other relief, appointment of a receiver for Mamtek. Plaintiff, under the Indenture and related documents more fully described in the Memorandum of Law in Support of the captioned Motion, hereby moves this Court on an emergency basis for an Order pursuant to Fed.R.Civ.P. 66 and 28 U.S.C. §§ 754 and 959 appointing Bruce E. Strauss, Esq. as receiver for the operation of the business of Mamtek to take possession of Mamtek's business and assets, whether in its possession or in the possession

of third parties, including but not limited to Development Specialists, Inc.; to collect income, rents and profits; to pay taxes, wages, salaries, and other operating expenses of the business, including the repair and maintenance thereof; to pursue causes of action against third parties, if any; and otherwise to protect, preserve, maintain, repair and manage the business; and for such other relief as the Court may deem just and proper.

The captioned Motion is based on all of the files, records and proceedings herein, including but not limited to the Verified Complaint and the Memorandum of Law in Support of the captioned Motion.

Mamtek is a company which proposed to open a sugar substitute manufacturing facility in Moberly, Missouri, to bring over 600 jobs to the area, along with a substantial investment into the local economy.  In order to construct the facility, Mamtek relied on a $39 million bond issue from the City of Moberly, Missouri.  Pursuant to the Indenture, the bonds were sold to investors.  One year after the initial bond issue, Mamtek defaulted under the Indenture and related bond documents by failing to make a required bond payment.  In addition to the captioned action brought by Plaintiff, the Securities and Exchange Commission and the Missouri Attorney General are currently investigating Mamtek.  Shortly after its default, and presumably in response to the financial difficulties it was facing, Mamtek executed a general assignment for the benefit of creditors pursuant to California law, assigning its assets to Development Specialists, Inc.  Such assignment for the benefit of creditors in California is an inadequate remedy because it would occur without Court supervision and the creditors, key bondholders, City of Moberly and its residents are all located in Missouri.  Further, to the extent that the proceedings are allowed to continue in California without Court supervision, the potential exists for the loss of critical documents to the detriment of ongoing investigations and all interested parties.

Accordingly, justice demands that proceedings with respect to Mamtek occur under Court supervision in Missouri.

It is well settled in the Eighth Circuit that appointment of a receiver with broad powers is warranted under these circumstances. *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993). As the Eight Circuit stated in *Aviation Supply*:

> Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminish in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing that receiver will do more good than harm. *See Consolidated Rail Corp. v. Fore River Ry.*, 861 F.2d 322, 326-27 (1st Cir. 1988); *Mintzer v. Arthur L. Wright & Co.*, 263 F. 2d. 823, 826 (3d Cir. 1959); *Bookout v. Atlas Fin. Corp.*, 395 F. Supp. 1338, 1342 (N.D.Ga. 1974), *aff'd* 514 F.2d 757 (5th Cir. 1975).

Here, and as will be more fully set forth in the Memorandum in Support of the captioned Motion, the assets of Mamtek have already and continue to be dissipated, and the appointment of a receiver is warranted.

    Respectfully Submitted,

    SPENCER FANE BRITT & BROWNE LLP

    /s/ Douglas M. Weems

| | |
|---|---|
| Douglas M. Weems | EDMO #41162MO |
| Scott J. Goldstein | EDMO #28698MO |
| Lisa Epps Dade | EDMO #48544MO |
| Heather M. Morris | MO #63107 |

    dweems@spencerfane.com
    sgoldstein@spencerfane.com
    leppsdade@spencerfane.com
    hmorris@spencerfane.com
    1000 Walnut Street, Suite 1400
    Kansas City, MO  64106
    (816) 474-8100
    (816) 474-3216– Fax

    And

1 North Brentwood Boulevard
Suite 1000
St. Louis, MO 63105-3925

ATTORNEYS FOR PLAINTIFF
UMB BANK, N.A., SOLELY IN ITS
CAPACITY AS TRUSTEE

WA 3134201.2