ARTICLE X
THE TRUSTEE

**Section 1001. Acceptance of the Trusts.** The Trustee hereby accepts the trusts imposed upon it by this Indenture, and agrees to perform said trusts exercising the same degree of care and skill as a prudent corporate trustee ordinarily would exercise under the circumstances, but only upon and subject to the following express terms and conditions, and no implied covenants or obligations shall be read into this Indenture against the Trustee:

(a) The Trustee, prior to the occurrence of an Event of Default and after the curing of all Events of Default which may have occurred, undertakes to perform such duties and only such duties as are specifically set forth in this Indenture. If any Event of Default shall have occurred and be continuing, subject to Section 1001(l) of this Indenture, the Trustee shall exercise such of the rights and powers vested in the Trustee by this Indenture, and shall use the same degree of care and skill in their exercise, as a prudent corporate trust department would exercise or use under the circumstances in the conduct of its own affairs.

(b) The Trustee may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or through agents, attorneys or receivers and shall not be responsible for any misconduct or negligence on the part of any agent, attorney or receiver appointed or chosen by the Trustee with due care, and the Trustee shall be entitled to act upon the opinion or advice of Counsel, who may be counsel to the City or to the Authority, concerning all matters of trust hereof and the duties hereunder, and may in all cases pay such reasonable compensation to all such agents, attorneys and receivers as may reasonably be employed in connection with the trusts hereof. The Trustee shall not be responsible for any loss or damage resulting from any action or non-action by the Trustee taken or omitted to be taken in good faith in reliance upon such opinion or advice of Counsel.

(c) The Trustee shall not be responsible for any recital herein or in the Bonds (except with respect to the Certificate of Authentication of the Trustee endorsed on the Bonds), or for the recording or rerecording, filing or refiling of this Indenture or any security agreement in connection therewith, or collecting any insurance moneys, or for the validity of the execution by the City of this Indenture or of any Supplemental Indentures or instruments of further assurance, or for the sufficiency of the security of the Bonds.

(d) The Trustee shall not be accountable for the use of any Bonds authenticated and delivered under this Indenture. The Trustee, in its individual or any other capacity, may become the owner or pledgee of the Bonds with the same rights which the Trustee would have if it were not Trustee.

(e) The Trustee may rely and shall be protected in acting or refraining from acting upon any ordinance, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, affidavit, letter, telegram or other paper or document provided for under this Indenture believed by the Trustee to be genuine and correct and to have been signed, presented or sent by the proper person or persons.

(f) As to the existence or nonexistence of any fact or as to the sufficiency or validity of any instrument, paper or proceeding, or whenever in the administration of this Indenture the Trustee shall deem it desirable that a matter be proved or established prior to taking, suffering or omitting any action hereunder, the Trustee shall be entitled to rely upon a certificate signed by an Authorized City Representative or an Authorized Authority Representative as sufficient evidence of the facts therein contained, and prior to the occurrence of a default of which the Trustee has been notified as provided in subsection (h) of this Section 1001 or of which by said subsection the Trustee is deemed to have notice, the Trustee shall also be at liberty to accept a similar certificate to the effect that any particular dealing, transaction or action is necessary or expedient, but may at its discretion secure such further evidence deemed necessary or advisable, but shall in no case be bound to secure the same.

(g) The permissive right of the Trustee to do things enumerated in this Indenture shall not be construed as a duty, and the Trustee shall not be answerable for other than its negligence or willful misconduct.

(h) The Trustee shall not be required to take notice or be deemed to have notice of any default hereunder except failure by the Authority to cause to be made any of the payments to the Trustee required to be made in Article VI of this Indenture, unless the Trustee shall be specifically notified in writing of such default by the Authority, the City or by the Bondowners of at least 25% in aggregate principal amount of the Bonds then Outstanding.

(i) At any and all reasonable times and subject to the Company's reasonable and standard security procedures, the Trustee and its duly authorized agents, attorneys, experts, engineers, accountants and representatives shall have the right, but shall not be required, to inspect any and all of the Project, and all books, papers and records of the Authority or the City pertaining to the Project and the Bonds, and to take such memoranda from and in regard thereto as may be desired. The Trustee shall treat all proprietary information of the Company as confidential.

(j) The Trustee shall not be required to give any bond or surety in respect to the execution of its trusts and powers hereunder or otherwise in respect of the Project or the Bonds.

(k) The Trustee shall have the right, but shall not be required, to demand, in respect of the authentication of any Bonds, the withdrawal of any cash, the release of any property, or any action whatsoever within the purview of this Indenture, any showings, certificates, opinions, appraisals or other information, or corporate action or evidence thereof, in addition to that by the terms hereof required, as a condition of such action by the Trustee deemed desirable for the purpose of establishing the right of the Authority to the authentication of any Bonds, the withdrawal of any cash, or the taking of any other action by the Trustee.

(l) Before taking any action under this Indenture, the Trustee may require that satisfactory indemnity be furnished to it for the reimbursement of all costs and expenses to

which it may be put and to protect the Trustee against all liability which it may incur in or by reason of such action, except liability which is adjudicated to have resulted from its negligence or willful misconduct by reason of any action so taken.

(m) The Trustee shall invest funds held by the Trustee in accordance with <u>Article VII</u> of this Indenture and shall not be responsible for any loss suffered in connection therewith.

(n) Notwithstanding any other provision of this Indenture to the contrary, any provision intended to provide authority to act, right to payment of fees and expenses, protection, immunity and indemnification to the Trustee shall be interpreted to include the Trustee whether the Trustee is deemed to be in its capacity as Trustee, Registrar, or Paying Agent.

**Section 1002. Fees, Charges and Expenses of the Trustee.** The Trustee shall be entitled to payment of and/or reimbursement for reasonable fees for its ordinary services rendered hereunder and all advances, agent and Counsel fees and other ordinary expenses reasonably made or incurred by the Trustee in connection with such ordinary services and, in the event that it should become necessary that the Trustee perform extraordinary services, it shall be entitled to reasonable extra compensation therefor and to reimbursement for reasonable extraordinary expenses in connection therewith; provided that if such extraordinary services or extraordinary expenses are occasioned by the neglect or willful misconduct of the Trustee, the Trustee shall not be entitled to compensation or reimbursement therefor. The Trustee shall be entitled to payment and reimbursement for the reasonable fees and charges of the Trustee as Paying Agent for the Bonds. Pursuant to the provisions of the Management Agreement, the Company has agreed to pay to the Trustee all reasonable fees, charges and expenses of the Trustee under this Indenture. The Trustee agrees that neither the Authority nor the City shall have liability for any reasonable fees, charges and expenses of the Trustee, and the Trustee agrees to look only to the Company for the payment of all reasonable fees, charges and expenses of the Trustee and any Paying Agent as provided in the Management Agreement. Upon the occurrence of an Event of Default and during its continuance, the Trustee shall have a lien with right of payment prior to any payment on account of principal of or interest on the Bonds, upon all moneys in its possession under any provisions hereof for the foregoing reasonable advances, fees, costs and expenses incurred.

**Section 1003. Notice to Bondowners if Default Occurs.** If a default occurs of which the Trustee is by subsection (h) of <u>Section 1001</u> of this Indenture required to take notice or if notice of default be given as in said subsection (h) provided, then the Trustee shall give written notice thereof to the last known Bondowners of the Bonds then Outstanding at their respective addresses appearing on the Bond Register.

**Section 1004. Intervention by the Trustee.** In any judicial proceeding to which the Authority is a party and which, in the opinion of the Trustee and its Counsel, has a substantial bearing on the interests of Bondowners, the Trustee may intervene on behalf of Bondowners and, subject to the provisions of <u>Section 1001(l</u>) of this Indenture, shall do so if requested in writing by the Bondowners of at least 25% of the aggregate principal amount of the Bonds then Outstanding.

**Section 1005. Successor Trustee Upon Merger, Consolidation or Sale.** Any corporation or association into which the Trustee may be merged or converted or with or into which it may be consolidated, or to which it may sell or transfer its corporate trust business and assets as a whole or substantially as a whole, or any corporation or association resulting from any merger, conversion, sale, consolidation or transfer to which it is a party, shall be and become successor Trustee hereunder and shall be vested with all the trusts, powers, rights, obligations, duties, remedies, immunities and privileges hereunder as was its predecessor, without the execution or filing of any instrument or any further act on the part of any of the parties hereto; *provided that* such successor Trustee is qualified to act as such under applicable State or federal law.

**Section 1006. Resignation of Trustee.** The Trustee and any successor Trustee may at any time resign from the trusts hereby created by giving at least thirty days' written notice to the Authority, the City, and the Bondowners, and but such resignation shall not take effect until the appointment of a successor Trustee by the Bondowners or by the Authority with the approval of the City. The Trustee shall resign at any time it determines that it has a conflict of interest (as defined in the Trust Indenture Act of 1939), and shall, within 90 days after ascertaining that it has a conflict of interest, or within 30 days after receiving written notice from the City or the Authority (so long as no Event of Default has occurred) that it has a conflict of interest, either eliminate such conflicting interest or resign in the manner and with the effect specified in this Indenture.

**Section 1007. Removal of Trustee.** The Trustee may be removed at any time, with or without cause, by an instrument or concurrent instruments in writing delivered to the Trustee, the City and the Authority and signed by the Bondowners of a majority in aggregate principal amount of the Bonds then Outstanding, but such removal shall not be effective until the appointment of a successor Trustee by the Bondowners or by the Authority with the approval of the City.

**Section 1008. Appointment of Successor Trustee.** In case the Trustee hereunder shall resign or be removed, or shall otherwise become incapable of acting hereunder, or in case it shall be taken under the control of any public officer or officers or of a receiver appointed by a court, a successor Trustee may be appointed by the Bondowners of a majority in aggregate principal amount of the Bonds then Outstanding, by an instrument or concurrent instruments in writing; *provided, nevertheless*, that in case of such vacancy, the City, by an instrument executed and signed by its Mayor and attested by its City Clerk under its seal, may appoint a temporary Trustee to fill such vacancy until a successor Trustee shall be appointed in the manner above provided. Any such temporary Trustee so appointed by the City shall immediately and without further acts be superseded by the successor Trustee so appointed as provided above. Every such Trustee appointed pursuant to the provisions of this Section 1008 shall be a trust company or bank in good standing and qualified to accept such trust having, or whose obligations are guaranteed by a financial institution having, a reported capital, surplus and undivided profits of not less than $50,000,000.

**Section 1009. Vesting of Trusts in Successor Trustee.** Every successor Trustee appointed hereunder shall execute, acknowledge and deliver to its predecessor and also to the City and the Authority an instrument in writing accepting such appointment hereunder, and thereupon such successor shall, without any further act, deed or conveyance, become fully vested with all the trusts, powers, rights, obligations, duties, remedies, immunities and privileges of its predecessor; but such predecessor shall, nevertheless, on the written request of the Authority, execute and deliver an instrument transferring to such successor Trustee all the trusts, powers, rights, obligations, duties,

remedies, immunities and privileges of such predecessor hereunder; every predecessor Trustee shall deliver all securities and moneys held by it as Trustee hereunder to its successor. Should any instrument in writing from the Authority or the City be required by any successor Trustee for more fully and certainly vesting in such successor the trusts, powers, rights, obligations, duties, remedies, immunities and privileges hereby vested in the predecessor, any and all such instruments in writing shall, on request, be executed, acknowledged and delivered by the Authority or by the City, as applicable.

**Section 1010. Right of Trustee to Pay Taxes and Other Charges.** In case any tax, assessment or governmental or other charge upon, or insurance premium with respect to, any part of the Project is not paid as required in this Indenture, in the Financing Agreement, or in the Management Agreement, the Trustee may pay such tax, assessment or governmental charge or insurance premium, without prejudice, however, to any rights of the Trustee or the Bondowners hereunder arising in consequence of such failure; any amount at any time so paid under this Section 1010, with interest thereon from the date of payment at the rate of 10% per annum, shall become an additional obligation secured by this Indenture, and the same shall be given a preference in payment over any payment of principal of or interest on the Bonds, and shall be paid out of the proceeds of revenues and receipts collected in respect of the Financing Agreement, if not otherwise caused to be paid; but the Trustee shall be under no obligation to make any such payment unless it shall have been requested to do so by the Bondowners of at least 25% of the aggregate principal amount of the Bonds then Outstanding and shall have been provided adequate funds for the purpose of such payment.

**Section 1011. Trust Estate May be Vested in Co-trustee.**

(a) It is the purpose of this Indenture that there shall be no violation of any law of any jurisdiction (including particularly the State) denying or restricting the right of banking corporations or associations to transact business as trustee in such jurisdiction. It is recognized that in case of litigation under this Indenture and in particular in case of the enforcement of same on default or in case the Trustee deems that by reason of any present or future law of any jurisdiction it may not exercise any of the powers, rights or remedies herein granted to the Trustee, or take any other action which may be desirable or necessary in connection therewith, it may be necessary or desirable that the Trustee appoint an additional individual or institution as a co-trustee or separate trustee, and the Trustee is hereby authorized to appoint such co-trustee or separate trustee with the consent of the Authority and the City.

(b) In the event that the Trustee appoints an additional individual or institution as a co-trustee or separate trustee as hereinbefore provided, each and every remedy, power, right, claim, demand, cause of action, immunity, title, interest and lien expressed or intended by this Indenture to be exercised by the Trustee with respect thereto shall be exercisable by such co-trustee or separate trustee but only to the extent necessary to enable such co-trustee or separate trustee to exercise such powers, rights and remedies, and every covenant and obligation necessary to the exercise thereof by such co-trustee or separate trustee shall run to and be enforceable by either of them.

(c) Should any instrument in writing from the Authority be required by the co-trustee or separate trustee so appointed by the Trustee for more fully and certainly vesting in and confirming

to such co-trustee such rights, powers, trusts, duties and obligations, any and all such instruments in writing shall, on request, be executed, acknowledged and delivered by the Authority.

(d) In case any co-trustee or separate trustee shall die, become incapable of acting, resign or be removed, all the properties, rights, powers, trusts, duties and obligations of such co-trustee or separate trustee, so far as permitted by law, shall vest in and be exercised by the Trustee until the appointment of a successor to such co-trustee or separate trustee.

The co-trustee or separate trustee shall be entitled to such compensation for its services as is reasonable and necessary.

**Section 1012. Accounting.** The Trustee shall render an annual accounting for the period ending December 31 of each year to the Authority, to the City, and to any Bondowner requesting the same and, upon the request of the Bondowner, a monthly accounting to the Bondowner, showing in reasonable detail all financial transactions relating to the Trust Estate during the accounting period and the balance in any funds or accounts created by this Indenture as of the beginning and close of such accounting period.

**Section 1013. Performance of Duties Under the Financing Agreement and Management Agreement.** The Trustee hereby accepts and agrees to perform all duties and obligations assigned to the Trustee under the Financing Agreement and the Management Agreement.

# ARTICLE XI
# SUPPLEMENTAL INDENTURES

**Section 1101. Supplemental Indentures Not Requiring Consent of Bondowners.** Subject to Section 1103 of this Indenture, the Authority and the Trustee with the approval of the City, but without the consent of or notice to any of the Bondowners, may from time to time enter into such Supplemental Indenture or Supplemental Indentures as shall not adversely affect the interests of the Bondowners, for any one or more of the following purposes:

(a) To cure any ambiguity or formal defect or omission in this Indenture or to correct or supplement any provision herein which may be inconsistent with any other provision herein;

(b) To grant to or confer upon the Trustee for the benefit of the Bondowners any additional rights, remedies, powers or authority that may lawfully be granted to or conferred upon the Bondowners or the Trustee or either of them;

(c) To subject to this Indenture additional revenues, properties or collateral;

(d) To make any other change which in the sole determination of the Trustee does not materially adversely affect the Bondowners; in making such determination the Trustee may rely on the opinion of such Counsel as the Trustee may select; and

(e) To evidence the appointment of a separate trustee or a co-trustee or the succession of a new Trustee.

**Section 1102. Supplemental Indentures Requiring Consent of Bondowners.** Exclusive of Supplemental Indentures covered by Section 1101 and subject to Section 1103, the Owners of not less than a majority in aggregate principal amount of the Bonds at the time Outstanding shall be required to consent to and approve the execution by the Authority and the Trustee of such other Supplemental Indenture or Supplemental Indentures as shall be deemed necessary and desirable by the Authority or the City for the purpose of modifying, amending, adding to or rescinding any of the terms or provisions contained in this Indenture or in any Supplemental Indenture; *provided that,* the consent of all the Owners of the Bonds then Outstanding shall be required for (a) an extension of the maturity of the principal of or the interest on any Bond, or (b) a reduction in the principal amount of any Bond or the rate of interest thereon, or (c) a privilege or priority of any Bond or Bonds over any other Bond or Bonds, or (d) a reduction in the aggregate principal amount of Bonds, the Owners of which are required to consent to any such Supplemental Indenture.

If at any time the Authority shall request, with the consent of the City, the Trustee to enter into any such Supplemental Indenture for any of the purposes of this Section 1102, the Trustee shall cause notice of the proposed execution of such Supplemental Indenture to be mailed to each Bondowner at the address as shown by the Bond Register. Such notice shall briefly set forth the nature of the proposed Supplemental Indenture and shall state that copies thereof are on file at the principal corporate trust office of the Trustee for inspection by all Bondowners. If within 60 days or such longer period as shall be prescribed by the Authority following the mailing of such notice, the Owners of not less than the requisite aggregate principal amount of the Bonds Outstanding at the time of the execution of any such Supplemental Indenture shall have consented to and approved the execution thereof and herein provided, no Owner of any Bond shall have any right to object to any of the terms and provisions contained therein, of the operation thereof, or in any manner to question the propriety of the execution thereof, or to enjoin or restrain the Trustee or the Authority from executing the same or from taking any action pursuant to the provisions thereof.

**Section 1103. City's Consent to Supplemental Indentures.** Any Supplemental Indenture that affects any rights or obligations of the City shall not become effective unless and until the City shall have consented in writing to the execution and delivery of such Supplemental Indenture. In this regard, the Trustee shall cause notice of the proposed execution and delivery of any such Supplemental Indenture together with a copy of the proposed Supplemental Indenture to be mailed to the City at least 90 days prior to the proposed date of execution and delivery of any such Supplemental Indenture, except as may be waived by the City. Notwithstanding the provisions of the immediately preceding sentence, the City's right to consent to a Supplemental Indenture shall terminate for so long as an Event of Default has occurred and is continuing under the Financing Agreement.

**Section 1104. Opinions of Counsel.** Notwithstanding anything to the contrary in this Article XI, before the Trustee and the Authority consent to any amendments to this Indenture there shall be delivered to the Trustee an opinion of Bond Counsel stating that such amendment is

authorized or permitted, by this Indenture, and by applicable law, complies with their respective terms, will, upon the execution and delivery thereof, be valid and binding upon the Authority in accordance with its terms and will not adversely affect the excludability of interest on the Series B Bonds from federal gross income.

## ARTICLE XII
## AMENDMENTS TO FINANCING AGREEMENT

**Section 1201. Amendments Not Requiring Consent of Bondowners.**  The Authority with the consent of the Trustee shall, without the consent of or notice to the Bondowners, execute any amendment to the Financing Agreement as may be required (a) to effectuate the provisions of this Indenture, (b) for the purpose of curing any ambiguity or formal defect or omission in the Financing Agreement, and (c) in connection with any other change therein which, in the judgment of the Trustee, does not materially and adversely affect the Trustee or security for the Bondowners.

**Section 1202. Amendments Requiring Consent of Bondowners.**  Except for amendments to the Financing Agreement as provided for in Section 1201 of this Indenture, the Trustee shall consent to the execution of, and the Authority shall not execute any amendment to the Financing Agreement without the mailing of notice and the obtaining of the written approval or consent of the Bondowners of not less than a majority in aggregate principal amount of the Bonds at the time Outstanding given and obtained as provided in Section 1102 of this Indenture.  If at any time the City or the Authority shall request the consent of the Trustee to any such proposed amendment to the Financing Agreement, the Trustee shall cause notice of such proposed amendment to be mailed in the same manner as provided in Section 1102 of this Indenture with respect to Supplemental Indentures.  Such notice shall briefly set forth the nature of such proposed amendment to the Financing Agreement and shall state that copies of the same are on file in the principal corporate trust office of the Trustee for inspection by all Bondowners.

## ARTICLE XIII
## SATISFACTION AND DISCHARGE OF INDENTURE

**Section 1301.  Satisfaction and Discharge of this Indenture.**

(a)     When all of the principal of and interest on the Bonds shall have been paid in accordance with their terms or provision has been made for such payment, as provided in Section 1302 of this Indenture, and provision shall also be made for paying all other sums payable under this Indenture, including the reasonable fees and expenses of the Trustee and the Paying Agent to the date of retirement of the Bonds, then the right, title and interest of the Trustee in respect hereof shall thereupon cease, determine and be void, and thereupon the Trustee shall cancel, discharge and release this Indenture and shall execute, acknowledge and deliver to the Authority and to the City as their interests may appear such instruments of satisfaction and discharge or release as shall be requisite to evidence such release and the satisfaction and discharge of this Indenture, and shall assign and deliver to the City any property at the time subject to this Indenture which may then be in its possession, except amounts in the Bond Funds required to be paid to the City under Section 606 of this Indenture and except funds or securities in which such funds are invested held by the Trustee for the payment of the principal of and interest on the Bonds.

(b) The Authority is hereby authorized to accept a certificate by the Trustee that the whole amount of the principal and interest, if any, so due and payable upon all of the Bonds or coupons then Outstanding has been paid or such payment provided for in accordance with Section 1302 of this Indenture as evidence of satisfaction of this Indenture, and upon receipt thereof shall cancel and erase the inscription of this Indenture from its records.

**Section 1302. Bonds Deemed to be Paid.**

(a) The Bonds shall be deemed to be paid within the meaning of this Article XIII when payment of the principal of and interest thereon to the due date thereof (whether such due date be by reason of Maturity or upon redemption as provided in this Indenture, or otherwise), either (1) shall have been made or caused to be made in accordance with the terms thereof, or (2) shall have been provided for by depositing with the Trustee in trust and irrevocably set aside exclusively for such payment (i) moneys sufficient to make such payment or (ii) Defeasance Obligations maturing as to principal and interest in such amount and at such times as will insure the availability of sufficient moneys to make such payment; *provided, however,* with respect to any deposit referred to in the foregoing clause (ii), the Trustee shall have received a verification report of a nationally recognized independent certified public accounting firm as to the adequacy of the escrow to fully pay the Bonds deemed to be paid pursuant to Section 1404 of this Indenture, and an opinion of Bond Counsel that the provision for such payment does not impair the tax-exempt status of the Series B Bonds. At such time as the Bonds shall be deemed to be paid hereunder, as aforesaid, it shall no longer be secured by or entitled to the benefits of this Indenture, except for the purposes of such payment from such moneys or Defeasance Obligations.

(b) Notwithstanding the foregoing, in the case of Bonds which by their terms may be redeemed prior to the Stated Maturities thereof, no deposit under clause (ii) of the immediately preceding paragraph shall be deemed a payment of such Bond as aforesaid until, as to all such Bonds which are to be redeemed prior to their respective Stated Maturities, proper notice of such redemption shall have been given in accordance with Article III of this Indenture or irrevocable instructions shall have been given to the Trustee to give such notice.

(c) Notwithstanding any provision of any other section of this Indenture which may be contrary to the provisions of this Section 1302, all moneys or Defeasance Obligations set aside and held in trust pursuant to the provisions of this Section 1302 for the payment of the Bonds (including redemption premium, if any) shall be applied to and used solely for the payment of the particular Bonds, with respect to which such moneys and Defeasance Obligations have been so set aside in trust.

## ARTICLE XIV
## MISCELLANEOUS PROVISIONS

**Section 1401. Consents and Other Instruments by Bondowners.** Any consent, request, direction, approval, objection or other instrument required by this Indenture to be signed and executed by the Bondowners may be in any number of concurrent writings of similar tenor and may be signed or executed by such Bondowners in person or by agent appointed in writing. Proof of the execution of any such instrument (other than the assignment of ownership of a Bond) or of the writing appointing any such agent and of the ownership of Bonds, if made in the following manner,

Case: 4:11-cv-01925-CEJ   Doc. #: 5-5   Filed: 11/04/11   Page: 10 of 10 PageID #: 287

shall be sufficient for any of the purposes of this Indenture, and shall be conclusive in favor of the Trustee with regard to any action taken, suffered or omitted under any such instrument, namely:

(1) The fact and date of the execution by any person of any such instrument may be proved by the certificate of any officer in any jurisdiction who by law has power to take acknowledgements within such jurisdiction that the person signing such instrument acknowledged before him the execution thereof, or by affidavit of any witness to such execution.

(2) The fact of ownership of Bonds and the amount or amounts, numbers and other identification of such Bonds, and the date of holding the same shall be proved by the Bond Register. Any action taken by the Trustee pursuant to this Indenture upon the request or authority or consent of any person who, at the time of making such request or giving such authority or consent is the Owner of any Bond, shall be conclusive and binding upon all future Owners of the same Bond and upon Bonds issued in exchange therefor or upon transfer or in place thereof.

**Section 1402. Limitation of Rights Under This Indenture.** With the exception of rights herein expressly conferred, nothing expressed or mentioned in or to be implied from this Indenture or the Bonds is intended or shall be construed to give any person other than the parties hereto, and the Bondowners any right, remedy or claim under or in respect to this Indenture, this Indenture and all of the covenants, conditions and provisions hereof being intended to be and being for the sole and exclusive benefit of the parties hereto and the Bondowners of the Bonds, as herein provided.

**Section 1403. Waiver of Personal Liability; Limit on Authority's Liability.** All liabilities under this Indenture on the part of the Authority are solely corporate liabilities of the Authority, and, to the extent permitted by law, the Trustee hereby releases each and every incorporator, member, agent, employee and the directors and officers of the Authority of and from any personal or individual liability under this Indenture. No incorporator, member, agent, employee, director or officer of the Authority shall at any time or under any circumstances be individually or personally liable under this Indenture for anything done or omitted to be done by the Authority hereunder.

The Authority's monetary liability under the terms of this Indenture shall be limited to amounts available from the Trust Estate, and no recourse may be had to any other property or assets of the Authority other than the amounts available under the Trust Estate for payment of any Bonds or amounts due under this Indenture, or any document relating to this Indenture.

**Section 1404. Special Conditions to Advance Refunding.** In the event of an advance refunding, the Authority shall cause to be delivered a verification report of an independent nationally recognized certified public accountant. If a forward supply contract is employed in connection with such refunding, (i) such verification report shall expressly state that the adequacy of the escrow to accomplish the refunding relies solely on the initial escrowed investments and the maturing principal thereof and interest income thereon and does not assume performance under or compliance with the forward supply contract, (ii) the forward supplier may supply only Defeasance Obligations that mature prior to the next interest payment date for the Bonds, and (iii) the applicable escrow agreement shall provide that in the event of any discrepancy or difference