# ESCROW TRUST AGREEMENT

Dated as of July 1, 2010

By and Among

**CITY OF MOBERLY, MISSOURI,**

**MAMTEK U.S., INC.,**

**MAMTEK INTERNATIONAL,**

and

**UMB BANK, N.A.,**
as Escrowee

Relating to:

**THE INDUSTRIAL DEVELOPMENT AUTHORITY
OF THE CITY OF MOBERLY, MISSOURI**

$8,440,000
ANNUAL APPROPRIATION CAPITAL PROJECT BONDS
(PROJECT SUGAR)
SERIES 2010-A (TAXABLE);

$3,025,000
ANNUAL APPROPRIATION CAPITAL PROJECT BONDS
(PROJECT SUGAR)
SERIES 2010-B (TAX-EXEMPT);

and

$27,535,000
ANNUAL APPROPRIATION RECOVERY ZONE FACILITY BONDS
(PROJECT SUGAR)
SERIES 2010-C (TAX-EXEMPT)

# ESCROW TRUST AGREEMENT
## TABLE OF CONTENTS

                                                                                                                   Page

Parties .................................................................................................................................1
Recitals ...............................................................................................................................1

### ARTICLE I
### USE OF CERTAIN TERMS

Section 1.1.  Deposit Materials Defined..........................................................................1
Section 1.2.  Rules of Construction; Incorporation of Preambles ...................................2
Section 1.3.  Computation of Time .................................................................................2

### ARTICLE II
### DEPOSIT MATERIALS

Section 2.1.  Deposit Materials; Trust Created ...............................................................2
Section 2.2.  Release of Deposit Materials......................................................................3
Section 2.3.  Waiver and Release; Indemnification........................................................4

### ARTICLE III
### TERM AND FEES

Section 3.1.  Term of Escrow ..........................................................................................4
Section 3.2.  Return of Deposit Materials .......................................................................4
Section 3.3.  Fees ............................................................................................................4

### ARTICLE IV
### MISCELLANEOUS

Section 4.1.  Company's Representations and Warranties .............................................5
Section 4.2.  Confidentiality ...........................................................................................5
Section 4.3.  Limitation of Liability ...............................................................................5
Section 4.4.  Notices .......................................................................................................5
Section 4.5.  Counterparts ...............................................................................................5
Section 4.6.  Entire Agreement .......................................................................................6
Section 4.7.  Binding Effect ............................................................................................6
Section 4.8.  Limitations .................................................................................................6
Section 4.9.  Time of the Essence ...................................................................................6
Section 4.10. Governing Law ..........................................................................................6
Section 4.11. Amendments ..............................................................................................6

Signatures and Seals .....................................................................................7

Schedule 1 – Initial Deposit Materials
Exhibit A – Deposit Description

## ESCROW TRUST AGREEMENT

**THIS ESCROW TRUST AGREEMENT** dated as of July 1, 2010 (this "Escrow"), by and among the CITY OF MOBERLY, MISSOURI, a Missouri municipal corporation and city of the third class located in Randolph County (the "City"), MAMTEK U.S., INC., a Delaware corporation duly authorized to transact business in the State of Missouri (the "Company"), MAMTEK INTERNATIONAL, a Hong Kong corporation duly authorized to do business in the State of Missouri (the "Parent"), and UMB BANK, N.A., a national banking association having a principal office in St. Louis, Missouri, as Escrowee ("Escrowee"). *Capitalized terms used and not defined herein shall have the meanings ascribed to them in Section 101 of that certain Trust Indenture dated as of even date herewith between The Industrial Development Authority of the City of Moberly, Missouri and UMB Bank, N.A., as Trustee (the "Indenture").*

### WITNESSETH:

**WHEREAS**, the Company and the Parent as guarantors jointly and severally have entered into the Guaranty for the benefit of the City regarding a pledge and assignment of certain proprietary technology of the Company and the Parent to secure payments when and as due of certain Basic Payments and Additional Payments under the Management Agreement and also to secure certain payment obligations of the Company under the Development Agreement; and

**WHEREAS**, the purpose of this Escrow is to protect the Company's and the Parent's ownership and confidentiality of the Security (as that term is used and defined in the Guaranty Agreement) and to assure and protect the City's legitimate use of the Security under and pursuant to the Guaranty Agreement; and

**WHEREAS**, the City, the Company and the Parent hereby designate and appoint Escrowee as the escrow agent under this Escrow and Escrowee hereby accepts such designation and appointment and agrees to carry out the duties of escrow agent pursuant to the terms and provisions of this Escrow and Escrowee hereby represents and warrants to the City, the Company and the Parent that Escrowee is not a party to, and is not bound by, any agreement that might be evidenced by, or might arise out of, any prior or contemporaneous dealings among the City, the Company or the Parent, other than as expressly set forth in this Escrow;

**NOW, THEREFORE**, for and in consideration of the mutual promises and covenants hereinafter set out and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, covenant and agree as follows:

## ARTICLE I
## USE OF CERTAIN TERMS

**Section 1.1. Deposit Materials Defined.** As used in this Escrow, the term "Deposit Materials" shall mean and refer to those items of the Security identified on <u>Schedule 1</u> attached to and incorporated by reference in this Escrow.

Section 1.2. **Rules of Construction; Incorporation of Preambles.** Words of the masculine gender shall be deemed and construed to include correlative words of the feminine and neuter genders. Unless the context shall otherwise indicate, the words importing the singular number shall include the plural and vice versa, and words importing person shall include firms, associations and corporations, including public bodies, as well as natural persons. The preambles to this Escrow are expressly incorporated by reference in this Escrow as if set forth in their entirety at this place. Other than the foregoing, the table of contents, titles, headings and captions of this Escrow are for reference and convenience only and not considered a part of this Escrow.

Section 1.3. **Computation of Time.** Wherever this Escrow calls for the performance of any act by reference to a day or number of days, to a month or number of months, or to a year or number of years, each such computation shall be made based upon calendar days, calendar months, and calendar years, as applicable, unless otherwise stated.

## ARTICLE II
## DEPOSIT MATERIALS

Section 2.1. **Deposit Materials; Trust Created.**

(a) The Company shall submit the Deposit Materials, or cause the Deposit Materials to be submitted, to Escrowee within sixty (60) days of the date of this Escrow and, in the case of Deposit Materials that are in development (and as previously agreed to in writing by the City), within sixty (60) days after development of such Deposit Materials is completed. The Company shall complete and deliver with all Deposit Materials a Deposit Description in substantially the form of Exhibit A attached to and incorporated by reference in this Escrow. Escrowee shall notify the City in writing within ten (10) days of receipt of the initial Deposit Materials and shall hold the Deposit Materials pursuant to the terms of the Guaranty and this Escrow as fiduciary to the City. In addition to the foregoing notice, Escrowee shall verify and represent to the City that the initial Deposit Materials as delivered to Escrowee shall be as set forth in the Valuation Report and shall consist of those items identified on Schedule 1 hereto, but otherwise Escrowee shall have no obligation to verify or assure the functionality, performance or initial quality of such Deposit Materials.

(b) The Company shall additionally submit to Escrowee any updates or material modifications to the Deposit Materials submitted pursuant to subsection 2.1 (a), above within sixty (60) days of any such material modification or upgrade or of any new release of the Deposit Materials, together with a Deposit Description in substantially the form of Exhibit A therefor. Escrowee shall notify the City in writing within ten (10) days of receipt of updates to, modifications of, and new releases of the Deposit Materials.

(c) The parties to this Escrow acknowledge and agree that to secure the timely payment by the Company of all Basic Payments and Additional Payments when and as due under the Management Agreement and the payment of the amounts when and as due under the Guaranty and to secure the performance and observance by the Guarantors and each of them of their respective obligations under the Management Agreement and the Guaranty, the Guarantors,

jointly and severally, hereby pledge and assign to Escrowee in trust for the benefit of the City the Deposit Materials and Escrowee hereby agrees and covenants that Escrowee shall hold in trust for the benefit of the City the Deposit Materials in accordance with the terms and provisions of the Guaranty and this Escrow.

**Section 2.2.   Release of Deposit Materials.**

(a)   The Deposit Materials will be released by Escrowee to the City only upon the receipt by Escrowee of a written demand for release from the City, with a copy to the Company, which demand shall set forth: (i) the City's statement that the Company has failed to make a scheduled Basic Payment or Additional Payment under the Management Agreement; (ii) the City's statement that neither the Company nor the Parent, as Guarantors under the Guaranty, has made timely full payment of Basic Payments or Additional Payments, as applicable, as required by the Guaranty; and (iii) the City's statement that the City will use the Deposit Materials only in accordance with the terms of the Guaranty; and shall include specific instructions for the delivery of the Deposit Materials.  Upon receipt of the foregoing, Escrowee shall release the Deposit Materials to the City within ten (10) business days.  Except for willful misconduct or gross negligence on the part of Escrowee, Escrowee shall not incur any liability with respect to any action taken or omitted to be taken in reliance upon any written notice, request, waiver, consent, receipt, or other document that Escrowee in reasonably good faith believes to be genuine.

(b)   Should the Company object in a writing to Escrowee to the City's request for release, Escrowee shall notify the City in writing within ten (10) business days of Escrowee's receipt of said objection; *provided that* no such objection shall have the effect of delaying the release by Escrowee of the Deposit Materials pursuant to subsection 2.2 (a) hereof.

(c)   As of the date of this Escrow, the Company hereby grants to the City a non-exclusive, worldwide, perpetual, paid-in-full license to install, use, copy, publicly perform and digitally perform, modify, and create derivative works from the Deposit Materials delivered by Escrowee under this Section 2.2, which license may be exercised by the City or assigned to a third party, but only for the period provided in the Guaranty and solely for the purpose of continuing the benefits afforded to the City under the Guaranty and this Agreement.

(d)   The following restrictions shall apply to Deposit Materials delivered to the City: (i) neither the City nor any assignee of the City shall copy the Deposit Materials other than as reasonably necessary for the operation of the Project, (ii) the City shall and shall cause any assignee of the City to keep the Deposit Materials in a secure, safe place when not in use, (iii) the City shall and shall cause any assignee of the City to use the Deposit Materials under carefully controlled conditions in accordance with, and for the purposes of, this Escrow, the Guaranty, and the Management Agreement, (iv) the City and any assignee of the City shall be obligated to maintain the confidentiality of the released Deposit Materials in accordance with Section 4.2 of this Escrow, and (v) the City shall and shall cause any assignee of the City to treat, handle, and store the Deposit Materials in the same manner and with the same care as it treats its most sensitive and valuable information.

**Section 2.3    Waiver and Release; Indemnification.** The City, the Company and the Parent, for themselves and for their respective successors, assigns, heirs and personal representatives, hereby waive and release Escrowee, its directors, officers, employees, agents, and independent contractors from any and all claims, suits and causes of action arising under this Escrow with the exception of claims based upon Escrowee's gross negligence, willful misconduct, or intentional misrepresentation.  With the exception of Escrowee's gross negligence, willful misconduct, or intentional misrepresentation, the Company and to the extent permitted by law, the City, shall indemnify and hold harmless Escrowee and its directors, officers, employees, agents, and independent contractors from and against any and all claims, actions, damages, suits, liabilities, obligations, costs, fees, charges, and any other expenses whatsoever in connection with this Escrow or the performance of Escrowee hereunder.

## ARTICLE III
## TERM AND FEES

**Section 3.1.    Term of Escrow.** The term of this Escrow shall be co-extensive with that of the Guaranty unless otherwise terminated in accordance with this Section 3.1.  This Escrow may be terminated upon the written instruction of the City at any time after the Deposit Materials have been released in accordance with the terms hereof.

**Section 3.2.    Return of Deposit Materials.** Upon termination of this Escrow for any reason, Escrowee shall return all Deposit Materials in Escrowee's possession to or at the direction of the Company by commercial courier.  If two (2) attempts to return the Deposit Materials by commercial courier fail or if the Deposit Materials are not accepted, Escrowee shall destroy the Deposit Materials.

**Section 3.3.    Fees.** Escrowee shall be entitled to payment of and/or reimbursement for reasonable fees for its ordinary services rendered hereunder and all advances, agent and counsel fees and other ordinary expenses reasonably made or incurred by Escrowee in connection with such ordinary services and, in the event that it should become necessary that Escrowee perform extraordinary services, it shall be entitled to reasonable extra compensation therefor and to reimbursement for reasonable extraordinary expenses in connection therewith; provided that if such extraordinary services or extraordinary expenses are occasioned by the neglect or willful misconduct of Escrowee, Escrowee shall not be entitled to compensation or reimbursement therefor.  Pursuant to the provisions of the Management Agreement, the Company has agreed to pay to Escrowee all reasonable fees, charges, and expenses of Escrowee hereunder.  Escrowee agrees that the City shall have no liability for any fees, charges, and expenses of Escrowee, and Escrowee agrees to look only to the Company for the payment of all reasonable fees, charges and expenses of Escrowee as provided in the Management Agreement; *provided that* Escrowee shall have a lien with right of payment for any such fees of Escrowee upon any payments received by the City from any party with respect to the use of the Deposit Materials.

4

# ARTICLE IV
# MISCELLANEOUS

**Section 4.1.   Company's Representations and Warranties.** The Company, and to the extent applicable, the Parent, each hereby represent and warrant to the City and to Escrowee as follows:

(a)   The Deposit Materials as delivered to Escrowee are a copy of the Company's proprietary technology and other information corresponding to that described in Schedule 1.  The Company shall update the Deposit Materials as provided for in this Escrow; and

(b)   The Deposit Materials contain all information, data, and other necessary materials in a complete form to reasonably allow the City or a third party assignee of the City who is reasonably experienced in the production of sucralose or other similar food products to operate the Project for the production of sucralose as contemplated in the Management Agreement; and

(c)   The Company owns unencumbered (other than the trust created in Article II of this Escrow) all right, title, and interest in and to the Deposit Materials and all intellectual property rights therein.

**Section 4.2.   Confidentiality.** Except as otherwise required to carry out its duties under this Agreement, Escrowee shall hold in strictest confidence and not permit any third party access to nor otherwise use, disclose, transfer or make available the Deposit Materials except as otherwise provided herein, unless consented to in writing by the Company.

**Section 4.3.   Limitation of Liability.** Under no circumstance shall Escrowee be liable for any special, incidental, or consequential damages (including lost profits) arising out of this Escrow, even if Escrowee has been apprised of the possibility of such damages.

**Section 4.4.   Notices.** All notices, certificates or other communications hereunder shall be sufficiently given and shall be deemed given when delivered by hand delivery or overnight delivery service or on the third day following the day on which the same has been mailed by registered or certified mail, postage prepaid, addressed as follows:

(i) If to Escrowee:   UMB Bank, N.A.
2 South Broadway, Suite 435
St. Louis, Missouri 63102
Attn:  Corporate Trust Department

(ii)  If to any other party hereto, to the respective party's address as specified in Section 15.1 of the Management Agreement; *provided that* notices to the Parent shall be deemed given hereunder upon receipt of notice by the Company hereunder.

**Section 4.5.   Counterparts.** This Escrow may be executed in any number of multiple counterparts, each of which is to be deemed an original, and all of such counterparts together shall constitute one and the same instrument.

5
6. Escrow Agreement – Moberly IDA Annual Appropriation Bonds Series 2010

**Section 4.6. Entire Agreement.** This Escrow supersedes all prior and contemporaneous letters, correspondences, discussions and agreements among the parties with respect to all matters contained herein, and it constitutes the sole and entire agreement among them with respect thereto.

**Section 4.7. Binding Effect.** This Escrow shall be binding upon and inure to the benefit of the City, the Company, the Parent, and Escrowee and their respective successors and assigns, *provided, however*, that the City shall have no right to assign any rights hereunder or with respect to the Deposit Materials except as permitted with respect to assignment of City's rights under the Guaranty and the Management Agreement.

**Section 4.8. Limitations.** This Escrow pertains strictly to the escrow services provided for herein and does not modify, amend or affect any other contract or agreement of one or more of the parties. The terms and provisions of the Guaranty, as the same may be supplemented by the terms and provisions hereof, shall continue in full force and effect and be binding upon and inure to the benefit of the parties hereto, their legal representatives, successors and assigns.

**Section 4.9. Time of the Essence.** Time is of the essence in this Escrow.

**Section 4.10. Governing Law.** This Escrow and its performance shall be governed by and construed under the laws of the State of Missouri applicable to contracts made and to be performed wholly within such state, without regard to choice or conflict of laws provisions. The parties hereto voluntarily and upon the advice of competent legal counsel agree that any action at law, suit in equity, or other judicial proceeding arising out of this Guaranty shall be instituted only in the Circuit Court of Randolph, Missouri or in federal court of the Eastern District of Missouri and waive any objection based upon venue or *forum non conveniens* or otherwise.

**Section 4.11. Amendments.** This Escrow may be amended from time to time by the parties hereto in writing executed by each party.

IN WITNESS WHEREOF, the parties have executed this Escrow by and through their duly authorized agents as of the Effective Date.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK-SIGNATURE PAGES FOLLOW]



CITY OF MOBERLY, MISSOURI

[SEAL]

By: /s/ Bob Riley
Mayor

ATTEST:

By: /s/ DK Galloway
D.K. Galloway, City Clerk

## ACKNOWLEDGEMENT

STATE OF MISSOURI  )
                   )  ss.
COUNTY OF RANDOLPH )

    I, the undersigned, a notary public in and for said County, in the State aforesaid, **DO HEREBY CERTIFY** that Bob Riley, personally known to me to be the MAYOR of the CITY OF MOBERLY, MISSOURI and personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, caused to be sealed, and delivered said instrument, pursuant to the authority given to him by the City Council of the CITY OF MOBERLY, MISSOURI as his free and voluntary act and as the free and voluntary act of the CITY OF MOBERLY, MISSOURI, for the uses and purposes therein set forth.

    GIVEN under my hand and official seal this 22 day of July, 2010.

My Commission Expires:

D. K. GALLOWAY
My Commission Expires
February 10, 2012
Randolph County
Commission #08382850

/s/ DK Galloway
Notary Public

7

MAMTEK U.S., INC.

By: _____
Bruce A. Cole
CEO and Chairman of the Board

## ACKNOWLEDGMENT

STATE OF California )
) ss.
COUNTY OF Los Angeles )

    I, the undersigned, a notary public in and for said County, in the State aforesaid, **DO HEREBY CERTIFY** that Bruce A. Cole, personally known to me to be the CEO and CHAIRMAN OF THE BOARD of MAMTEK U.S., INC., a Delaware corporation duly authorized to do business in Missouri in his official capacity and personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered said instrument, pursuant to the authority given to him by the governing body of MAMTEK U.S., INC. as his free and voluntary act and as the free and voluntary act of MAMTEK U.S., INC. for the uses and purposes therein set forth.

    GIVEN under my hand and official seal this 21st day of July, 2010.

_____
Notary Public

My Commission Expires:



INEZ N. BROWN
Commission # 1748781
Notary Public - California
Los Angeles County
My Comm. Expires Jun 3, 2011

8

6. Escrow Agreement – Moberly IDA Annual Appropriation Bonds Series 2010

**EXHIBIT E**
**Page 10 of 15**

MAMTEK INTERNATIONAL

By: _____
Name: Bruce A. Cole
Title: Chairman & CEO

## ACKNOWLEDGMENT

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I, the undersigned, a notary public in and for said County, in the State aforesaid, **DO HEREBY CERTIFY** that Bruce A. Cole, personally known to me to be the Chairman & CEO of MAMTEK INTERNATIONAL, a Hong Kong corporation duly authorized to do business in Missouri in his official capacity and personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered said instrument, pursuant to the authority given to him by the governing body of MAMTEK INTERNATIONAL as his free and voluntary act and as the free and voluntary act of MAMTEK INTERNATIONAL for the uses and purposes therein set forth.

GIVEN under my hand and official seal this 19th day of July, 2010.

_____
Notary Public   Inez N. Brown

My Commission Expires:



INEZ N. BROWN
Commission # 1748781
Notary Public - California
Los Angeles County
My Comm. Expires Jun 3, 2011

9

6. Escrow Agreement – Moberly IDA Annual Appropriation Bonds Series 2010

**EXHIBIT E**
**Page 11 of 15**

UMB BANK, N.A., AS ESCROWEE

By: _____
Name: Victor Zarrilli
Title: Senior Vice President

## ACKNOWLEDGMENT

STATE OF MISSOURI )
                                ) ss.
CITY OF ST. LOUIS )

    I, the undersigned, a notary public in and for said County, in the State aforesaid, **DO HEREBY CERTIFY** that Victor Zarrilli, personally known to me to be a Senior Vice President of UMB BANK, N.A., a national banking association duly authorized to do business in Missouri, in his official capacity and personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered said instrument, pursuant to the authority given to him by the governing body of UMB BANK, N.A as his free and voluntary act and as the free and voluntary act of UMB BANK, N.A for the uses and purposes therein set forth.

    GIVEN under my hand and official seal this 26th day of July, 2010.

_____
Notary Public

My Commission Expires:

> M. DEBORAH KING
> Notary Public - Notary Seal
> STATE OF MISSOURI
> St. Louis County
> My Commission Expires: Aug 11, 2012
> Commission # 08452873

## SCHEDULE 1
## INITIAL DEPOSIT MATERIALS

All of the Guarantors' right title and interest in and to, collectively, the patents, trade secrets and other intellectual property owned by or licensed to the Guarantors or either of them which identify the proprietary manufacturing processes used and to be used by the Company at the Project, including, without limitation, all documentation of the foregoing held by Perkins Coie, LLP or Ramwell International on behalf of the Guarantors or either of them together with the all of the Company's then-existing sales and product agreements and contracts, all training contracts or agreements for providing training in the manufacturing and operations of the Project, all contracts between the Company and material suppliers, all employment contracts between the Company and persons employed or to be employed at the Project, together with and subject to all rights and privileges pledged and assigned, agreed or intended so to be under this Guaranty, including without limitation the following:

Patent Application U.S. #2008/0103295 filed October 25, 2006; Patent Application U.S. #2008/103298 filed October 25, 2006; Patent Application U.S. #2010/0019195 filed July 23, 2008' and Patent Application U.S. #2010/0022765 filed July 23, 2008, together with any and all existing or future patents, patent applications, continuations, continuations-in-part, divisionals, reissues, re-exams and all related counterparts along with any designs, algorithms and other intellectual and industrial property and proprietary rights of every kind and nature throughout the world, whether arising by operation of law, contract, license or otherwise, included or incorporated within any of the foregoing, and any and all other rights deriving from any of the foregoing, and any and all new patents or patent applications created or filed form or after the date hereof by or for the benefit of the Guarantors or either of them which are, in any way, derivative of, based upon or incorporate any of the concepts or technology constituting or incorporated in any of the current or existing patents or patent applications.

Trade secrets in the custody of Perkins Coie, LLP or Ramwell International or others including, without limitation, the following information and documentation:

> Step-by-step process for the production and manufacture of sucralose using the Company's large scale efficient process for a production line with an annual output capacity of 60 metric tons;

> Blueprints for assembling a large scale sucralose production line with an annual output capacity of 60 metric tons;

> Photos of a sucralose production line currently operating in the People's Republic of China;

> Vendor names and related part numbers of components used in the assembly of the 60 metric ton production line;

> Chemical formulas for the production of sucralose using the Company's methods; and

S-2

> Chemical processes related to large scale efficient sucralose production including, without limitation, mixing basic chemical formulations required in sucralose production.

Audit reports prepared by Perkins Coie, LLP documenting the foregoing.

Training manuals and other training materials for the production force at the Project including, without limitation materials on quality control, quality assurance and routine equipment maintenance.

Sales contracts between either or both of the Guarantors and Xibo Pharmaceutical Group, Shandong Province, People's republic of China dated on or about February 26, 2010 and including assignments of same to the Company.

Any and all other sales or production agreements now or hereafter made with or entered into by the Guarantors or either of them for the production or sale of sucralose within the territorial jurisdictions of the United States of America, the Republic of Mexico, or the Dominion of Canada.

The License Agreement dated as of July 1, 2010 by and between Mamtek International as Licensor and Mamtek, U.S., Inc. as Licensee and any and all "Intellectual Property," "Licensed Patents," "Operating Manuals," "Proprietary Technology," and "Trade Secrets," as such terms are used a defined in the aforesaid License Agreement.

**EXHIBIT A**
**DEPOSIT DESCRIPTION**

Please complete an **Exhibit A** document for the Deposit Materials to be escrowed under this Escrow. Enclose a copy of this **Exhibit A** with the Deposit Materials and retain a copy for your records. Contact us for details on electronic depositing, or ship the Deposit Materials by commercial courier to Escrowee at the following address:

_____
_____
_____
_____
Attn:

Escrowee Name: _____

Account Number: _____

Product Name & Version: _____

Media Description:

| Quantity | Type | Description / Label |
|---|---|---|
| \_\_\_\_ | CD-ROM | _____ |
| \_\_\_\_ | DAT/DDS Tape | _____ |
| \_\_\_\_ | Documentation | _____ |
| \_\_\_\_ | Other | _____ |

Deposit Prepared by: _____

Date: _____

E-mail: _____

Escrowee has inspected and accepted the above Deposit Materials.

Signed: _____

Name: _____

Date: _____